UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANNETTE PERKINS,

                                      CASE NO. 2:22-cv-10563
        Plaintiff,         HON. GERSHWIN A. DRAIN

v.

LAKEVIEW LOAN SERVICING, LLC, *et al.*,

        Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANT U.S. SECRETARY OF HOUSING AND URBAN DEVELOPMENT'S MOTION TO DISMISS [#18]

### I. INTRODUCTION

Plaintiff Channette Perkins is an occupant of a residence located at 25227 Arden Park Drive in Farmington Hills, Michigan. She brings claims against the U.S. Secretary for Housing and Urban Development (HUD) and Lakeview Loan Servicing, LLC alleging the Defendants failed to follow HUD regulations. Specifically, she claims she was entitled to an application for an occupied conveyance and continued occupancy of the 25277 Arden Park residence or given an opportunity to buy back the property.

Presently before the Court is HUD's Motion to Dismiss, filed on July 28, 2023. Plaintiff has failed to file a Response to HUD's Motion to Dismiss, and the

time for doing so has expired.  *See* E.D. Mich. L.R. 7.1(e)(2).  Upon review of the Complaint, HUD's Motion to Dismiss and the relevant authority, the Court finds that oral argument will not aid in the resolution of this matter.  Accordingly, the Court will resolve the present motion on the brief.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow, the Court grants HUD's Motion to Dismiss.

II.     **FACTUAL BACKGROUND**

The 25227Arden Park residence is a single-family home currently owned by Defendant Lakeview Loan Servicing.  While Plaintiff maintains that HUD denied her the opportunity to apply for an occupied conveyance, she does not allege that HUD has ever owned the 25277 Arden Park property, or that it has ever possessed a mortgage on the property.  Indeed, the public land records show that HUD has never owned the property or held a mortgage on the property.  *See* ECF No. 18, PageID.128-139.

Property records for the 25277 Arden Park residence reveal that Charles Arrington purchased the property in May of 2017.  ECF No. 18, PageID.120.  Arrington was granted a mortgage on the property in exchange for a $265,000.00 loan from Fairway Independent Mortgage Corporation d/b/a Capital Mortgage Funding ("Capital Mortgage").  *See* case number 19-CV-10571, ECF No. 17, PageID.338.  Arrington defaulted on his loan within a period of two months.  *Id*., ECF No. 15.  In August of 2017, Capital Mortgage notified Arrington that he could

2

petition for assistance or seek HUD counseling services. *Id.*, ECF No. 15, PageID.238. Arrington did not seek assistance from his lender, nor did he seek HUD counseling. Rather, he filed for bankruptcy. *Id.*, ECF No. 17, PageID.338.

Foreclosure proceedings commenced and the property at 25277 Arden Park was sold to Lakeview Loan Servicing, LLC at a Sheriff's Auction on June 5, 2018. *Id.*, ECF No. 15, PageID.282. In December of 2018, eviction proceedings were initiated against Arrington in the 47th District Court in Farmington Hills. *See Lakeview v. Arrington*, 2018-LT18H1512-LT (47th Dist. Ct. 2018). HUD was not a party to that suit.

Around the same time that foreclosure proceedings commenced against Arrington, Arrington filed suit against Defendant Lakeview Loan Servicing in state court asserting several statutory claims. This action was removed to federal court and judgment was entered in favor of Lakeview Loan Servicing and against Arrington in September of 2020. After the dismissal of the federal action, Lakeview moved to re-open the eviction proceedings in state court. In that proceeding, Arrington is currently paying rent to Lakeview through the state court's escrow procedure.

Plaintiff filed the instant action in March of 2022. Because she did not timely serve the Defendants, the action was dismissed in November of 2022. Two

and a half months later, Plaintiff moved to re-open the action and the Court granted her motion.

Defendant HUD filed its motion to dismiss in July of 2023. Plaintiff failed to file a Response to HUD's motion. On November 17, 2023, this action was reassigned to the undersigned.

In her Complaint, Plaintiff alleges that she has resided at the 25227 Arden Park residence since 2018, but she is not an owner or mortgagor of the property. ECF No. 1, PageID.2. Plaintiff maintains that she provided proof of funds to purchase the property, but she does not allege who she provided proof to, and she fails to allege that she ever provided this information to HUD. Nor has she alleged that she has had any communication with HUD about the property prior to filing the instant lawsuit. Furthermore, Plaintiff does not assert that she has a lease with HUD or that she has been paying rent to HUD since June of 2018.

### III. LAW & ANALYSIS

#### A. Standard of Review

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper if the allegations in the complaint, taken as true, do not raise a claim of entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–58 (2007) (citation omitted); *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 845 (6th Cir. 2007) (citation

omitted). Plaintiff bears the burden of providing more than labels, conclusions, or a formulaic recitation of the elements to avoid dismissal. *Twombly*, 550 U.S. at 555.

Documents relating to mortgages and deeds associated with real property are public records and the court may take judicial notice of these materials without converting a motion to dismiss into one for summary judgment. *See Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) ("A court may consider public records without converting a Rule 12(b)(6) motion into a Rule 56 motion.").

Similarly, the court may take judicial notice of the provisions of HUD's handbooks. *See, e.g., Burroughs v. Hills*, 741 F.2d 1525, 1529 (7th Cir. 1984) (holding that the HUD Handbook "is entitled to [judicial] notice so far as it is an official interpretation of statutes or regulations with which it is not in conflict."); *Aazami v. Wells Fargo Bank, N.A.*, No. 3:17-CV-01564-BR, 2019 WL 281286, at *4 (D. Or. Jan. 22, 2019) (same).

### B.  Failure to File a Response

Plaintiff failed to respond to HUD's Motion to Dismiss.  The Local Rules of this Court require that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available."  E.D. Mich. L.R. 7.1(c)(1).  Responses to dispositive motions must be filed within twenty-one days following service of the motion.  E.D. Mich. L.R. 7.1(e)(2).  However, "[t]he law in this Circuit is not clear whether a failure to respond to a motion to dismiss

constitutes grounds for granting the motion." *Layton v. MDOC*, No. 2:20-CV-13428, 2023 U.S. Dist. LEXIS 68975, at *2 (E.D. Mich. Feb. 16, 2023), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 68501 (E.D. Mich. Apr. 19, 2023). The general practice is for district courts to analyze the underlying merits of the motion to dismiss, even where a plaintiff fails to respond. *Id*. ("Therefore, while Layton's failure to respond could be considered a failure to prosecute warranting dismissal, the undersigned declines to recommend granting the MDOC's motion on this ground. Instead, the undersigned will consider the merits of the motion."). Accordingly, the Court will likewise consider the merits of HUD's Motion to Dismiss.

### C. The APA

The APA authorizes suit against a federal agency by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702; *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 61–62 (2004). "Where no other statute provides a private right of action, the 'agency action' complained of must be a 'final agency action' or a 'failure to act." *Norton*, 542 U.S. at 61–62 (quoting 5 U.S.C. §§ 704, 706. Under the APA, "[t]he reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

6

However, when an APA claim is based on "[a] 'failure to act' . . . the only agency action that can be compelled under the APA is action legally required." *Id.*

### D. HUD's Occupied-Conveyance Program

Pursuant to the National Housing Act, HUD is charged with carrying out a program of sales of HUD-acquired and owned properties as part of HUD's Single Family Property Disposition Program ("SFPD"). *See* 24 C.F.R. § 291.1; 81 Fed. Reg. 52998-01, at 52998 (2016). To carry out this charge, HUD "acquires single family properties . . . as a result of foreclosures of FHA-insured mortgages . . . [and] following foreclosure, mortgage lenders have a right to deed the properties to HUD in exchange for the mortgage insurance benefits." *See* ECF No. 18, PageID.185, SFPD Handbook; *see also* 24 C.F.R. § 291.100(a)(3).  As part of the SFPD program, HUD may accept property that is occupied by an individual in certain circumstances. 24 C.F.R. §§ 291.100(a)(3), 203.670; *see also* ECF No. 18, PageID.204, HUD SFPD Handbook.

The regulation that describes eligibility for the occupied-conveyance procedure states that it originates "at the time of acquisition of the property by the Secretary." 24 C.F.R. § 203.674. The notice required for the procedure is triggered by the "potential acquisition by HUD." *Id.*, *see also* 24 C.F.R. § 203.676 ("An occupant may request permission to continue to occupy the property following conveyance to the Secretary . . . ."); 24 C.F.R. § 203.679 ("Occupancy of HUD-

acquired property is temporary in all cases . . ."). A request for occupied conveyance arises only "in the event of acquisition of the property by the Secretary." *Id.* § 203.675(b)(3).

Under the regulations, a tenant residing in a property under the occupied-conveyance procedure must pay rent to HUD. *Id.* § 203.674(a)(2), (b)(2). Similarly, a tenant residing in a property under occupied-conveyance procedure must allow HUD access to the property to make repairs and must vacate the property when HUD sells the property. *Id*. §§ 203.674(a)(4), (b)(5), 203.679(a).

### E. Discussion

As such, the plain meaning of the regulation mandates that HUD's occupied-conveyance program applies only when HUD takes possession of a property. *See Poindexter v. NationStar Mortg.*, No. 17-CV-11937, 2017 WL 2929442 (E.D. Mich. Jul. 7, 2017). In *Poindexter*, a plaintiff argued that she was entitled to an occupied conveyance under 24 C.F.R. § 203.674, even though HUD did not take possession of the property. *Id.* at *3. The *Poindexter* court found that "[t]here is a fatal flaw in the Plaintiff's argument . . . Plaintiff's entitlement to an occupied conveyance is not triggered unless the mortgagee conveys the property to HUD." *Id.*

Thus, Plaintiff cannot state a claim under the APA. She does not allege that HUD has ever owned the property at 25277 Arden Park or possessed any interest

8

in the property. The property records confirm that HUD has never owned or possessed a mortgage on the 25277 Arden Park property. Because HUD never took possession of the 25277 Arden Park property, HUD did not owe Plaintiff a legal duty to advise of and offer her an occupied conveyance under the SFPD program. For this reason, she cannot state a viable claim under the APA.

## IV. CONCLUSION

For the reasons articulated above, HUD's Motion to Dismiss [#18] is GRANTED. HUD is DISMISSED from this cause of action.

SO ORDERED.

Dated: January 9, 2024 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 9, 2024, by electronic and/or ordinary mail.
s/ Lisa Bartlett
Case Manager