UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANNETTE PERKINS,

                                            CASE NO. 2:22-cv-10563
            Plaintiff,          HON. GERSHWIN A. DRAIN

v.

LAKEVIEW LOAN SERVICING, LLC, *et al.*,

           Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANT LAKEVIEW LOAN SERVICING, LLC'S MOTION FOR SUMMARY JUDGMENT [#23]**

**I. INTRODUCTION**

Plaintiff Channette Perkins is an occupant of a residence located at 25227 Arden Park Drive in Farmington Hills, Michigan. She brings claims against the U.S. Secretary for Housing and Urban Development (HUD)[1] and Lakeview Loan Servicing, LLC (Lakeview) alleging the Defendants failed to follow HUD regulations. Specifically, she claims she was entitled to an application for an occupied conveyance and continued occupancy of the 25277 Arden Park residence or given an opportunity to buy back the property.

---

[1] This Court granted HUD's Motion to Dismiss on January 9, 2024.

Presently before the Court is Lakeview's Motion for Summary Judgment, filed February 20, 2024. Plaintiff filed a Response to Lakeview's Motion for Summary Judgment on March 12, 2024. Lakeview filed a Reply in support of its present motion on March 22, 2024. Upon review of the parties' submissions, the Court finds that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the present motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court grants Lakeview's Motion for Summary Judgment.

## II.   FACTUAL BACKGROUND

The 25227 Arden Park residence is a single-family home currently owned by Defendant Lakeview. While Plaintiff maintains that HUD denied her the opportunity to apply for an occupied conveyance, she does not allege that HUD has ever owned the 25277 Arden Park property, or that it has ever possessed a mortgage on the property. Indeed, the public land records show that HUD has never owned the property or held a mortgage on the property.

Property records for the 25277 Arden Park residence reveal that Charles Arrington purchased the property in May of 2017. Arrington was granted a mortgage on the property in exchange for a $265,000.00 loan from Fairway Independent Mortgage Corporation d/b/a Capital Mortgage Funding ("Capital Mortgage"). *See* case number 19-CV-10571, ECF No. 17, PageID.338. Arrington

2

defaulted on his loan within a period of two months. In August of 2017, Capital Mortgage notified Arrington that he could petition for assistance or seek HUD counseling services. Arrington did not seek assistance from his lender, nor did he seek HUD counseling. Rather, he filed for bankruptcy. *Id*.

Foreclosure proceedings commenced. The notice of foreclosure was published beginning on May 4, 2018, and ending on May 25, 2018. On May 14, 2018, the notice of foreclosure was posted on the property. The Property was sold to Lakeview at a Sheriff's Auction on June 5, 2018. The statutory six-month redemption period expired on December 6, 2018, with no redemption occurring.

Since the sale of the Property, Lakeview has been seeking to gain possession of the Property. In December of 2018, Lakeview initiated eviction proceedings against Arrington in the 47th District Court in Farmington Hills. *See Lakeview v. Arrington*, 2018-LT18H1512-LT (47th Dist. Ct. 2018). HUD was not a party to that suit. Despite the 47th District Court having an escrow order in place, Plaintiff has failed to make a single occupancy payment.

Around the same time that foreclosure proceedings commenced against Arrington, Arrington filed suit against Defendant Lakeview in state court asserting several statutory claims. This action was removed to federal court and judgment was entered in favor of Lakeview and against Arrington in September of 2020. After the dismissal of the federal action, Lakeview moved to re-open the eviction

3

proceedings in state court. In that proceeding, Arrington is currently paying rent to Lakeview through the state court's escrow procedure.

Plaintiff filed the instant action in March of 2022. Because she did not timely serve the Defendants, the action was dismissed in November of 2022. Two and a half months later, Plaintiff moved to re-open the action and the Court granted her motion. On November 17, 2023, this action was reassigned to the undersigned.

In her Complaint, Plaintiff alleges that she has resided at the 25227 Arden Park residence since 2018, but she is not an owner or mortgagor of the property. Plaintiff maintains that she provided proof of funds to purchase the property, but she does not allege who she provided proof to, and she fails to allege that she ever provided this information to HUD. Nor has she alleged that she has had any communication with HUD about the property prior to filing the instant lawsuit. Furthermore, Plaintiff does not assert that she has a lease with HUD or that she has been paying rent to HUD since June of 2018.

### III. LAW & ANALYSIS

#### A. Standard of Review

Federal Rule of Civil Procedure 56(a) empowers the court to render summary judgment forthwith "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252.  Rather, there must be evidence on which a jury could reasonably find for the non-movant.  *McLean*, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

### B. HUD's Occupied-Conveyance Program

Pursuant to the National Housing Act, HUD is charged with carrying out a program of sales of HUD-acquired and owned properties as part of HUD's Single Family Property Disposition Program ("SFPD").  *See* 24 C.F.R. § 291.1; 81 Fed. Reg. 52998-01, at 52998 (2016). To carry out this charge, HUD "acquires single family properties . . . as a result of foreclosures of FHA-insured mortgages . . . [and] following foreclosure, mortgage lenders have a right to deed the properties to HUD in exchange for the mortgage insurance benefits." *See* ECF No. 18, PageID.185, SFPD Handbook; *see also* 24 C.F.R. § 291.100(a)(3).  As part of the SFPD program, HUD may accept property that is occupied by an individual in

certain circumstances. 24 C.F.R. §§ 291.100(a)(3),203.670; *see also* ECF No. 18, PageID.204, HUD SFPD Handbook.

The regulation that describes eligibility for the occupied-conveyance procedure states that it originates "at the time of acquisition of the property by the Secretary." 24 C.F.R. § 203.674. The notice required for the procedure is triggered by the "potential acquisition by HUD." *Id.*, *see also* 24 C.F.R. § 203.676 ("An occupant may request permission to continue to occupy the property following conveyance to the Secretary . . . ."); 24 C.F.R. § 203.679 ("Occupancy of HUD-acquired property is temporary in all cases . . ."). A request for occupied conveyance arises only "in the event of acquisition of the property by the Secretary." *Id.* § 203.675(b)(3).

Under the regulations, a tenant residing in a property under the occupied-conveyance procedure must pay rent to HUD. *Id.* § 203.674(a)(2), (b)(2). Similarly, a tenant residing in a property under occupied-conveyance procedure must allow HUD access to the property to make repairs and must vacate the property when HUD sells the property. *Id.* §§ 203.674(a)(4), (b)(5), 203.679(a).

### C. Discussion

Here, Lakeview was named in the Complaint because it held an interest in the Property; thus, the declaratory and injunctive relief claim against Lakeview was made solely in the event Plaintiff was successful against HUD under the main

7

claim of the alleged violation of the regulations. However, the Court has determined Plaintiff was not entitled to the relief she was requesting, which was a determination that she was qualified under the HUD Occupied Conveyance Program, to continue to reside in the Property, and/or purchase it from HUD. Since it was determined that she is not eligible for the occupied conveyance program because HUD never had possession of the Property, Plaintiff's ancillary claims are moot against Lakeview. *See United States v. Behnan*, 624 F. Supp. 3d 865, 868 (6th Cir. 2022) (quoting *Libertarian Pouty of Ohio v Blackwell*, 462 F.3d. 579, 584 (6th Cir. 2006) ("if the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome, 'then the case is moot and the Court has no jurisdiction.'")).

As the opinion and order granting HUD's motion to dismiss states, Plaintiff was not qualified under any of the HUD regulations for an occupied conveyance or purchase. *See Poindexter v. NationStar Mortg.*, No. 17-CV-11937, 2017 WL 2929442 (E.D. Mich. Jul. 7, 2017) (concluding the plain meaning of the regulation mandates that HUD's occupied-conveyance program applies only when HUD takes possession of a property). The Regulations state in relevant part:

> The Secretary may pay insurance benefits if the mortgagee has acquired title to the mortgaged property through foreclosure or has otherwise acquired such property from the mortgagor after a default upon:
> (i) The prompt conveyance to the Secretary of title to the property which meets the standards of the Secretary in

>> (ii) force at the time the mortgage was insured, and which is evidenced in the manner provided by such standards; and the assignment to the Secretary of all claims of the mortgagee against the mortgagor or others, arising out of mortgage transaction or foreclosure proceedings, except such claims as may have been released with the consent of the Secretary.
>
> The Secretary may permit the mortgagee to tender to the Secretary a satisfactory conveyance of title and transfer of possession directly from the mortgagor or other appropriate grantor and may pay to the mortgagee the insurance benefits to which it would otherwise be entitled *if such conveyance had been made to the mortgagee and from the mortgagee to the Secretary*.

12 U.S.C. § 1710 (a)(1)(B) (emphasis added).

Because federal law and regulations offer, but do not require, an insured property to be conveyed back to HUD, Plaintiff has failed to demonstrate that she was entitled to an occupied conveyance. Property records fail to show that HUD has ever owned or held a mortgage on the property located at 25277 Arden Park, Farmington Hills, Michigan. Nor does Plaintiff ever allege that HUD has ever owned or held a mortgage on the Arden Park property. Because HUD has never taken possession of the property in question, Lakeview is not required to adhere to the HUD guidelines and therefore does not owe Plaintiff a legal duty to offer her an occupied conveyance. And, even if HUD's occupied conveyance regulations somehow applied to a property that HUD did not own, Plaintiff does not allege that

9

she ever requested the procedure or paid rent, therefore, she would have been ineligible for an occupied conveyance in any event.

Further, there is no evidence that Lakeview acted in a manner inconsistent with the HUD regulations or that any additional duty was created under the regulations that was owed to Plaintiff.  As such, Plaintiff's claims for alleged violations of the HUD regulations and servicing guidelines, as well as the claims for declaratory relief, are moot.

IV.  CONCLUSION

For the reasons articulated above, Lakeview's Motion for Summary Judgment [#23] is GRANTED.  This cause of action is dismissed.

SO ORDERED.

Dated:  April 16, 2024                         /s/Gershwin A. Drain
                                               GERSHWIN A. DRAIN
                                               United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 16, 2024, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager